UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL AVIATION, LLC | : | CIVIL NO. 303CV1013(SRU) |
| Plaintiff | : | |
| VS. | : | |
| AIG AVIATION, INC. and<br>THE INSURANCE COMPANY OF<br>THE STATE OF PENNSYLVANIA | : | |
| Defendants | : | NOVEMBER 13, 2003 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendants, AIG Aviation, Inc. (AIG) and The Insurance Company of the State of Pennsylvania (ICSOP), submit this reply brief in further support of Defendants' Motion to Compel Arbitration and Stay Proceedings.[1]

**I.  ICSOP PROPERLY INVOKED THE APPRAISAL OF LOSS CONDITION IN A TIMELY AND REASONABLE MANNER**

ICSOP invoked the Appraisal of Loss Condition of Plaintiff's ICSOP policy on April 23, 2003.  Exh. 1.  ICSOP, through its Aviation Manager, AIG, sent Plaintiff a check for the value of its insured loss, and a Partial Proof of Loss Form.  Id.  AIG instructed Plaintiff that, if Plaintiff

---

[1] Defendants incorporate by reference the reasons and authorities set forth in their October 9, 2003 Memorandum Of Law In Support of Defendants' Motion To Compel Arbitration And Stay Proceedings.

1

**STANGER & ARNOLD, LLP**
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

disagreed with ICSOP's valuation of its insured loss, the policy's appraisal provision must be invoked. Id. On May 1, 2003, Plaintiff rejected ICSOP's valuation of its insured loss. Exh. 2. On June 12, 2003, ICSOP again invoked the appraisal provision of Plaintiff's ICSOP policy. Exh. 3. To date, Plaintiff has refused to voluntarily comply with the Appraisal of Loss Condition of its ICSOP policy.

Furthermore, ICSOP did not delay in invoking the Appraisal of Loss Condition of Plaintiff's ICSOP policy. Plaintiff claims that ICSOP waived its right to invoke the appraisal provision because the "delays caused by [ICSOP's] failure to properly invoke the appraisal process in a timely and reasonable manner have severely prejudiced Marshall's economic interests." Pl. Memo., at 16. However, ICSOP invoked the appraisal provision after it had completed its full investigation of the damage to Plaintiff's aircraft, and within 4 months of receiving Plaintiff's proof of claim. Exh. 1. Moreover, Plaintiff's action was filed less than 6 months ago, and there has been no significant pretrial discovery or motion practice engaged in by either party, principally because of Defendants' continued efforts to obtain Plaintiff's agreement to comply with the policy's less expensive and more timely appraisal condition.

Courts have regularly refused to find waiver in cases where delay in trial proceedings was not accompanied by substantial motion practice or discovery. See, e.g., Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 122 (2d Cir.1991) (holding there was no waiver even though defendant did not raise arbitration after knowing about his rights for three years); Thomas

2

v. A.R. Baron & Co., 967 F.Supp. 785, 789 (S.D.N.Y.1997) (no waiver despite a year and a half of delay); Acquaire v. Canada Dry Bottling, 906 F.Supp. 819, 830 (E.D.N.Y.1995) (no waiver of arbitration by the defendant where the three-year delay was mostly due to motions presented by the plaintiff).  Plaintiff's refusal to agree to abide by its ICSOP policy obligations and conditions is the principal cause of the delay of which Plaintiff complains, accordingly, Defendants' Motion To Compel Arbitration And Stay Proceedings should be granted.

## II.    PLAINTIFF HAS NOT BEEN PREJUDICED

Plaintiff has failed to show that it suffered substantive prejudice, or prejudice due to excessive cost and time delay.  Thyssen, Inc. v. Calypso Shipping Corp., 310 F.3d 102, 105 (2d Cir. 1993).  "Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." Id. (quoting Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir.1991).  Prejudice due to excessive cost and time delay is "determined contextually, by examining the extent of the delay, the degree of litigation that has preceded the invocation of arbitration, the resulting burdens and expenses, and the other surrounding circumstances." Kramer, 943 F.2d, at 179.  "[W]aiver is more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation results in prejudice to the opposing party.  Leadertex, Inc. v. Morganton Dyeing

3


& Finishing Corp., 67 F.3d 20, 25 (2d Cir.1995). "There is … a strong presumption in favor of arbitration." Kramer, 943 F.2d, at 178-79. "[A]ny doubts concerning the scope of arbitration issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983)).

    Plaintiff relies heavily on Kramer to support its position that it has been prejudiced by ICSOP. However, the facts and circumstances in Kramer simply don't apply to the present case. In Kramer, the court denied the defendant's motion to compel arbitration because more than four years had passed between the time that the plaintiff first brought suit and when the defendant moved to compel the arbitration clause. Id. at 179. During this four-year period, the defendant engaged in extensive pretrial litigation in a related case, filed a motion to dismiss for lack of personal jurisdiction which was denied, appealed that decision to the South Carolina Supreme Court, and losing there, moved to stay the proceedings pending his application to the United States Supreme Court for a writ of certiorari. Id. Only after that motion was denied did the defendant file an answer, where he raised the arbitration clause as an affirmative defense. Id. Further, in a separate state action in New York, the defendant's answer raised six affirmative defenses and four counterclaims; but did not raise the arbitration clause. Id. Thus, before invoking the arbitration clause, the defendant had litigated issues to the highest state court of

4

South Carolina, and had petitioned the United States Supreme Court for a writ of certiorari. In denying the defendant's motion to compel arbitration, the court noted that:

> [B]y engaging in such aggressive, protracted litigation for over a four-year period, [the defendant] waived his contractual right to arbitration. To allow him to invoke arbitration at this late date would severely prejudice [the plaintiff], who has expended a great deal of time and money in contesting Kramer's motions and appeals. It would ... undercut the very rationale--speed and efficiency--that supports the strong presumption in favor of arbitration in the first place.

Id.

However, in the present case, unlike in Kramer, Plaintiff concedes that "this litigation has not seen exhaustive pre-trial discovery and motion practice." Pl. Memo., at 12.

Plaintiff's reliance on Leadertex fails for similar reasons. In that case, the defendant's motion to compel arbitration was denied because virtually all of the plaintiff's fabric inventory was being held in the defendant's warehouse, and the plaintiff was unable to fulfill customer orders or to generate cash flow strong enough to replenish its fabric supplies. 67 F.3d, at 27. In denying the defendant's motion, the court noted, "The arbitration proceeding could have been commenced immediately upon the commencement of the lawsuit." Id. In this case, Plaintiff not only has possession of its aircraft, but the aircraft has been retrofitted with state-of-the-art avionics, and is able to be flown and or sold. Exh. 4 (Repair Invoice With Examples of Replacement Avionics). Moreover, ICSOP invoked the Appraisal of Loss Condition of its ICSOP policy before and after Plaintiff filed its lawsuit, and has and continues to be willing to

5

determine the value of Plaintiff's insured loss through this process. <u>Exh.</u> 1; <u>Exh.</u> 3. As such, Defendants' Motion To Compel Arbitration And Stay Proceedings should be granted.

### III.   CONCLUSION

For the foregoing reasons and authorities, the Court should compel Plaintiff to arbitrate the insured value of its claimed loss pursuant to the Appraisal Of Loss Condition of its ICSOP policy, and to stay all proceedings pending the completion thereof.

<div style="text-align: right;">

Respectfully submitted,
DEFENDANTS

By _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter M. Van Dyke, ct24747
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646
Their Attorneys

</div>

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

## CERTIFICATION

     I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on November 13, 2003:

Robert J. O'Brien, Esq.
Jonathan Snyder, Esq.
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

                                                                  Steven E. Arnold

STANGER & ARNOLD, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042