UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARSHALL AVIATION, LLC** | : | CIVIL ACTION NO. |
| | : | 303CV1013 (SRU) |
| VS. | : | |
| | : | |
| AIG AVIATION, INC. | : | MAY 6, 2004 |

**MOTION FOR ORDER TO DISMISS OR SEVER AND STAY DEFENDANTS'
PROPOSED THIRD-PARTY COMPLAINT**

  Pursuant to Federal Rule 14, the Plaintiff Marshall Aviation, LLC respectfully requests an Order by this Court to dismiss or sever and stay the Defendants AIG Aviation, Inc.'s and The Insurance Company of the State of Pennsylvania's proposed Third-Party Complaint against proposed Third-Party Defendants MJ Aviation, LLC, LJ Aviation, LLC, Lou Pugilese.  As the Defendants have not complied with the procedure outlined in Federal Rule 14 requiring the filing of a Motion for Leave when adding new parties, this Motion is intended to address the propriety of the procedural and substantive issues implicated by the Defendants proposed addition of new parties to the main action.  A Memorandum of Law in support of this Motion is attached hereto.

**ORAL ARGUMENT REQUESTED**

PLAINTIFF,
MARSHALL AVIATION


_____
JONATHAN E. SNYDER
Federal Bar No. ct22572
Gordon, Muir and Foley, LLP
Hartford, CT 06106-1976
Telephone (860) 525-5361
Facsimile (860) 525-4849

## **C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing was mailed to the following counsel of record on this the 6th day of May, 2004:

Peter Van Dyke, Esq.
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107

This is to certify that a courtesy copy of the foregoing was also mailed to the following counsel for the proposed Third-Party Defendants on this 6th day of May, 2004:

Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Richard J. Kenny, Esq.
Kenny, O'Keefe & Usseglio, P.C.
21 Oak Street, Suite 208
Hartford, CT 06016

                                                              Jonathan E. Snyder

::ODMA\PCDOCS\DOCS\363531\1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARSHALL AVIATION, LLC** | : | CIVIL ACTION NO. |
| | : | 303CV1013 (SRU) |
| **VS.** | : | |
| | : | |
| **AIG AVIATION, INC.** | : | MAY 6, 2004 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO DISMISS OR SEVER AND STAY PROPOSED THIRD-PARTY COMPLAINT**

**I.   INTRODUCTION**

On April 13, 2004, the Defendants, AIG Aviation, Inc. ("AIG") and The Insurance Company of the State of Pennsylvania ("TICSP") submitted a proposed Third-Party Complaint against proposed Third-Part Defendants MJ Aviation, LLC, LJ Aviation, LLC, and Lou Pugilese without filing a Motion for Leave with this Court. Without waiving any objection to this procedural defect, this Memorandum is respectfully submitted in response to the Defendants' proposed Third-Party Complaint against the proposed Third-Party Defendants as if such Motion had been properly filed to assist in the determination of whether such Third-Party Complaint is appropriate at this time.

**II.   FACTS**

The Plaintiff, Marshall Aviation, LLC ("Marshall"), initiated the instant lawsuit on

June 9, 2003, with a complaint stating the essential facts of the case for breach of contract, bad faith and unfair trade practices against the Defendants for their handling of the damage claim of the Plaintiff regarding its Beech Baron 58 ("aircraft") that was exposed to a reverse polarity condition while being serviced by the proposed Third-Party Defendants. (See Exhibit A).

After conducting a conference pursuant to Federal Rule 26(f), a proposed scheduling order was filed with the court on August 22, 2003, setting a deadline for impleading potential third parties of October 15, 2003.  An answer was due from the Defendants on or before October 9, 2003. (See Exhibit B).  The proposed Scheduling Order was approved by the court on August 29, 2003, and a scheduling conference was held with the court on September 17, 2003.

The Plaintiff served Interrogatories, Requests for Production and Requests for Admission on the Defendants on October 22, 2003, that were responded to, in part, on December 9, 2003.

On April 13, 2004, the Defendants filed their Answer and Special Defenses along with their proposed Third-Party Complaint.  A joint Motion to Amend the Scheduling order was filed on April 27, 2004, that requires fact witness depositions to be completed by June 30, 2004, and expert witness depositions to be completed by July 8, 2004.

On May 3, 2004, proposed Third-Party Defendants LJ Aviation and Lou Pugilese filed a motion for extension of time to respond to the proposed Third-Party Complaint until June 8, 2004. (See Exhibit C).

III.   ARGUMENT

    **A.   Defendants' Failure to File a Motion For Leave to Cite in a Third Party Pursuant to Federal Rule 14(a) Invalidates the Proposed Third-Party Complaint.**

The Defendants attempted end-run around the intent of Federal Rule 14(a) should not be countenanced by this court.  Federal Rule 14(a) provides that a potential third-party plaintiff must obtain leave of the court to cite in additional parties if a defendant does not file a third-party complaint within 10 days of filing its original answer. Fed. R. Civ. P. 14(a).  Where a party defendant does not answer a complaint within a reasonable amount of time after the Complaint is filed, it is procedurally improper for a party not to file a Motion for Leave before filing a third-party complaint. Lombardo v. Greyhound Lines, Inc., 179 F.R.D. 83, 85 (D. Conn. 1998). (See Exhibit D).  A party's right to implead a third party without leave of court must be exercised in a timely manner based on the facts of the particular case. *Id. citing* 6 Wright, Miller & Kane, *Federal Practice and Procedure, Civil 2d* § 1454 (1990).  In *Lombardo*, the Court held that a

3

third party complaint filed by a party five months after an amended complaint was served was untimely and denied the defendant's motion for leave. *Id.* In the instant matter, the Defendants failed to file their original answer until nearly *nine months* after the operative complaint was effective in July, 2003, and over *ten months* after the original complaint was filed.  This unexplainable delay renders the proposed Third-Party Complaint invalid and untimely.

      **B.    Defendants' Untimely Proposed Third-Party Complaint Violates the Operative Scheduling Order.**

The Defendants' proposed Third-Party Complaint does not comply with the current Scheduling Order mandating that additional parties be cited in by October 15, 2003.  Federal Rule 16(f) provides that if a party fails to obey a scheduling order, "the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f).  Of the sanctions listed in Federal Rule 37, subsection (b)(2)(C) states that, a judge may enter an "order striking out pleadings or parts thereof, … or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the defaulting party." Fed. R. Civ. P. 37.  The imposition of sanctions against a non-compliant party is a matter committed to the discretion of the court.

Neufield v. Neufield, 172 F.R.D. 115, 118 (S.D.N.Y. 1997) *citing* National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d. 747 (1976).  In the present matter, the Defendants' attempted filing of its proposed Third-Party Complaint nearly six months after it was required to do so pursuant to the Scheduling Order clearly does not comply with the Order.  As more fully discussed in the following section, the addition of new parties at this time would prejudice the Plaintiff.  Accordingly, the imposition of sanctions pursuant Federal Rule 37 is appropriate.

    **C.**     **The Addition of the Proposed Third-Party Defendants Would Cause Significant Undue Prejudice to the Plaintiff by Unnecessarily Delaying Trial.**

The Defendants' belated attempt to cite in additional unnecessary parties over ten months after the plaintiff's original complaint of June 9, 2003, threatens to stall the current orderly progression towards the completion of discovery and preparation for trial.  A potential third-party plaintiff must demonstrate exceptional circumstances to justify citing in third-party defendants after the period allowed by the scheduling order and rules of court. *Lombardo*, 179 F.R.D. at 85 *citing* Embassy Electronics Ltd. V. Lumbermans Mut. Cas. Co., 103 F.R.D. 418, 421 (S.D.N.Y. 1985). (See Exhibit D).  A court should take into consideration whether the moving party knew relevant facts of the

complaint. Consolidated Rail Corporation v. Metz, 115 F.R.D. 216, 219 (S.D.N.Y. 1987). It is the defendant's burden of showing a reasonable excuse for the delay in filing an answer. *Id.*

In the present matter, where discovery has been conducted and is ordered to be completed by June 30, 2004 for fact witnesses, the addition of the proposed Third-Party Defendants would disrupt the present tempo of discovery and unduly delay the trial. It would be unreasonable to expect the proposed Third-Party Defendants to complete discovery by such date, especially in light of LJ Aviation's and Lou Pugilese's Motion For Extension of time seeking a June 8, 2004 date for responding to the proposed Third-Party Complaint. (See Exhibit C). Since the Defendants have accepted liability for payment of the claim, the primary focus of the operative Complaint is limited to the Defendants' conduct with regard to the adjustment of the policy, not the technical and complex issue of how the plane was damaged and who was at fault for such damage. Accordingly, the Plaintiffs retained an expert to testify on the improper claims handling by the Defendants and not an expert to testify on the technical issue of reverse polarity. While it would be the Defendants' burden to prove the negligence of the proposed Third-Party Defendants for the damage to the aircraft, the Plaintiffs would likely be forced to retain a second expert in this area to its detriment. The addition of such

6

issues necessitated by the citing in of the proposed Third-Party Defendants would further eliminate the entire benefit and justification to compelling the parties to endure the appraisal of loss process that was intended to limit the duration and complexity of the trial of the main action.  The expense of retaining a second expert, the delay and expense associated with pursuing the appraisal process whose benefit would be wasted, and the significant delay to the trial of the main matter occasioned by the addition of the proposed Third-Party Defendants will all severely prejudice the Plaintiff.

  As the Defendants have failed to even file a motion requesting this Court to grant them leave to file a third-party complaint, it is fair to imply that any claimed excuse is weak or non-existent.  Indeed, it is difficult to conceive of any reasonable justification for not filing an answer nor third-party complaint so long after the original complaint was filed and so far past deadlines *agreed to by the Defendants.*  As the Defendants were aware of the facts of the complaint since June 9, 2003, their attempt to bring in additional parties on April 13, 2004, will wreak unjustifiable prejudice to the interests of the Plaintiff due to the impact from the delay citing in such parties at this late date would engender.

### D.    Proposed Third-Party Defendants Are Not Proper Parties To Implead Pursuant to Federal Rule 14(a).

As the proposed Third-Party Defendants are directly liable to the Plaintiff, their liability is not dependent on the outcome of the main claim and their connection to the claims in the Complaint is too extended, thus their proposed addition as parties is inappropriate in this matter.  Only a person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff" may be cited in as a third-party defendant pursuant to Federal Rule 14(a). Fed. R. Civ. P. 14.  If a third-party's liability is not dependent on the main claim nor is such party potentially secondarily liable to the original defendant, courts refuse to join such parties to the main action. Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir. 2000).  A party cannot subrogate nor assert claims in indemnity for its own intentional conduct. Massachusetts Mutual Life Insurance Company v. Millstein, 129 F.3d 688, 691 (2d Cir. 1997).  Where the causal link of a third-party's actions are too attenuated as to the main action, it is inappropriate to cite in such third-party. Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984); McMillan v. Equifax Credit Information Services, Inc., 153 F.Supp.2d 129, 132 (D.Conn. 2001).  In *Kenneth Leventhal & Co.*, the Second Circuit Appeals court considered whether the alleged malfeasance of a third party "but for" which the third-party plaintiff would not be

liable despite intentional acts of such original defendant would justify impleading such proposed third-party defendant. The Court held that, although the facts of the third-party's malfeasance were stated in the complaint, the connection between the proposed third-party defendant's actions and the proposed third-party plaintiff's conduct was insufficient to justify impleading such party. *Kenneth Leventhal & Co.*, 736 F.2d 29, 31-32.

As the proposed Third-Party Defendants are directly liable to the Plaintiff and their connection to the actions and alleged intentional misconduct of the Defendants is too far attenuated, such third parties are not properly brought into the main case. Since there is likely no dispute that the proposed Third-Party Defendants' liability for conducting the maintenance that led to the damage to the aircraft would be primary to the Plaintiff, and the Defendants do not properly allege a contractual indemnity between them and the proposed Third-Party Defendants, such parties are not properly impled pursuant to Federal Rule 14(a). *Bank of India*, 239 F.3d at 438. Further, while the factual foundation of the complaint refers to the event that caused the damage to the Plaintiff's aircraft, the damages asserted therein focus on the Defendants' breach of contract, bad faith and unfair trade practices. As in *Kenneth Leventhal & Co.*, despite the fact that the Defendants would not have allegedly and improperly adjusted the

plaintiff's claim without the actions of the proposed Third-Party Defendants, this "but for" relationship is not enough to justify adding such parties at this time, especially in light of the alleged intentional misconduct of the Defendants further undermining the causative chain.

> E. In the Alternative, the Court Should Sever and Stay the Defendants' Action Against the Proposed Third-Party Defendants.

To the extent that the Court does not dismiss the proposed Third-Party Complaint, such claim should be severed from the main action and stayed. If a proposed third-party to be added threatens to stall the litigation process, such third-party action should be severed and stayed unless exceptional or special circumstances justify its maintenance with the main action. Cox v. Bland, 2002 WL 663859 (D.Conn., March 26, 2002, Droney, J.); Kapanka v. U.S. Lines, Inc., 1986 WL 10490 (S.D.N.Y., Sept. 12, 1986, Stanton, J.). As more fully discussed in Section C above, the addition of the proposed Third-Party Defendants to the main action would be impractical as it would significantly delay the progress of the main action and severely prejudice the interests of the Plaintiff. In light of the fact that no motion for leave has been filed with this court, no exceptional or special circumstances have been presented to justify either the inordinate delay in filing the proposed Third-Party Complaint nor adding three new

parties two months before discovery will likely be completed, adding the proposed Third-Party Defendants will prejudice the orderly progression of the litigation process.

**IV.     CONCLUSION**

WHEREFORE, for all the foregoing reasons, the Plaintiff respectfully requests that the court enter an Order to dismiss the Defendants' proposed Third-Party Complaint or sever and stay the Defendants action against the proposed Third-Party Defendants.

               PLAINTIFF,
               MARSHALL AVIATION

               _____
               JONATHAN E. SNYDER
               Federal Bar No. ct22572
               Gordon, Muir and Foley, LLP
               Hartford, CT 06106-1976
               Telephone (860) 525-5361
               Facsimile (860) 525-4849

## **C E R T I F I C A T I O N**

      This is to certify that a copy of the foregoing was mailed to the following counsel of record on this the 6th day of May, 2004:

Peter Van Dyke, Esq.
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107

      This is to certify that a courtesy copy of the foregoing was also mailed to the following counsel for the proposed Third-Party Defendants on this 6th day of May, 2004:

Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Richard J. Kenny, Esq.
Kenny, O'Keefe & Usseglio, P.C.
21 Oak Street, Suite 208
Hartford, CT 06016

                                                 Jonathan E. Snyder

::ODMA\PCDOCS\DOCS\363311\1