UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL AVIATION, LLC | : | CIVIL NO. 303CV1013(SRU) |
| Plaintiff | : | |
| VS. | : | |
| AIG AVIATION, INC. and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA | : | |
| Defendants/Third-Party Plaintiffs | : | |
| VS. | : | |
| MJ AVIATION, LLC, LJ AVIATION, LLC and LOUIS PUGLIESE, JR. | : | MAY 28, 2004 |
| Third-Party Defendants | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER TO DISMISS OR SEVER
AND STAY DEFENDANTS' PROPOSED THIRD-PARTY COMPLAINT**

Defendants, AIG Aviation, Inc. (AIG) and The Insurance Company of the State of Pennsylvania (ICSOP), oppose Plaintiff's Motion for Order to Dismiss or Sever and Stay Defendants' Proposed Third-Party Complaint (Motion For Order) for the following reasons and authorities.

**I.      PROCEDURAL BACKGROUND**

On June 9, 2003, Plaintiff filed a Complaint (Dkt. #1) against AIG alleging breach of

1

contract and bad-faith claims handling arising out of property damage admittedly caused by the negligence of Plaintiff's mechanic. On June 23, 2003, Plaintiff filed an Amended Complaint (Dkt. #7) to correct pleading inaccuracies. On August 20, 2003, Plaintiff filed a Second Amended Complaint (Dkt. #12) to join ICSOP as a defendant. On August 29, 2003, the Court approved the parties' proposed Rule 26(f) Report (Dkt. #13) (Scheduling Order), and scheduled a Court status conference on September 17, 2003.

Prior to, during, and after the September 17, 2003 Court status conference, Defendants requested, and Plaintiff continued to refuse, to voluntarily submit to the appraisal of loss arbitration process (arbitration) required by Plaintiff's insurance policy. Defendants continued to discuss with and inform Plaintiff that, if a settlement could not be reached, Defendants intended to join the parties responsible for the insured loss, as well as for Plaintiff's alleged damages that are not covered by Plaintiff's policy.

On January 12, 2004, the Court ordered the parties to comply with the policy's arbitration provision and to disclose their aircraft appraisal experts by January 26, 2004 (Dkts. #29-30). Plaintiff's expert, Frederic Wilken, was and continued to be unavailable until his return from Indonesia in April 2004. During the interim, the parties continued their settlement discussions, discovery, and preparations for the arbitration of Plaintiff's insured loss under the policy. The parties' settlement negotiations reached an impasse in early April 2004, and on April 13, 2004, Defendants filed their Answer And Affirmative Defenses to Plaintiff's Second Amended Complaint (Answer) (Dkt. #39), and also served and filed a Third Party Complaint against the

2

Third-Party Defendants, MJ Aviation, LLC, LJ Aviation, LLC, and Louis Pugliese, Jr. (Dkt. #40). On May 6, 2004, Plaintiff filed a Motion For Order (Dkt. #51), supporting memorandum of law (Dkt. #52), and Defendants herewith respond in opposition thereto.

## II. LEGAL STANDARD

Fed.R.Civ.P. 14(a) provides that, "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff filed the third-party complaint not later than 10 days after service of the original answer." See also Connecticut District Court Standing Order on Scheduling in Civil Cases (Standing Order)(permitting a third-party complaint to be filed by a defendant within 60 days after the filing of the complaint, or within 10 days of serving an answer).

"A court should liberally construe the impleader provision to avoid multiplicity of actions, to save the time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues. Where a single group or aggregate of operative facts is involved, impleader should be allowed despite a difference in the legal nature of the claims of the various parties." Dunham v. United States, 42 F.R.D. 169, 170 (D.Conn. 1967)(internal citations omitted). "The primary purpose of impleading third parties is to promote judicial efficiency by eliminating 'circuity of actions.' The objective of the rule is to avoid a situation that arises when

3

a defendant has been held liable to a plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim." Tourangeau v. Uniroyal, Inc., 189 F.R.D. 42, 48 (D.Conn. 1999)(internal citations omitted).

## III.  ARGUMENT

### Defendants' Third-Party Complaint Was Timely Filed, Joins All Proper Third-Party Defendants, and Promotes Judicial Efficiency

Defendants timely filed their Third Party Complaint within 10 days of serving Plaintiff with Defendants' Answer, without need to obtain the Court's leave, in compliance with Fed.R.Civ.P. 14(a). Defendants also timely filed their Third-Party Complaint within the Scheduling Order timeframe. The parties' Rule 26(f) report did not affect Defendants' right to serve and file a third-party complaint pursuant to Fed.R.Civ.P. 14(a). Furthermore, the Standing Order expressly "except[s]" from the joinder rules Defendants' right to "file a third-party complaint within 10 days of serving an answer, as permitted by Fed.R.Civ.P. 14(a)," which Defendants have done in this case. Accordingly, Defendants' Third Party Complaint was timely filed.

There has been no "unexplainable delay" by Defendants in filing their Answer and Third Party Complaint. It was Plaintiff's expert's unavailability, and the parties' discovery and arbitration preparations that led to the parties' settlement impasse in early April 2004. If anything, Plaintiff has occasioned any delays of which it complains. To promote cooperation and

4

productive settlement discussions, Defendants have and continue to agree to accommodate Plaintiff's scheduling conflicts. Furthermore, when Plaintiff's expert was finally deposed shortly after settlement discussions were suspended, Plaintiff's expert admittedly had not reviewed documents received, and not yet received, from Plaintiff in this matter.

Third-Party Defendants are proper and necessary parties to afford Defendants and Plaintiff complete relief for Plaintiff's claimed damages, inasmuch as Third-Party Defendants admittedly are liable to Plaintiff, and thus also to Defendants, for the damages caused by Plaintiff's mechanic's negligent aircraft maintenance. Additionally, the joinder of Third-Party Defendants in this case will prevent multiplicity of actions, save time and the cost of reduplication of evidence, and assure consistent results from similar evidence and common issues.

## IV.    CONCLUSION

For the reasons and authorities set forth above, Plaintiff's Motion For Order To Dismiss Or Sever And Stay Defendants' Proposed Third-Party Complaint should be denied.

**STANGER & ARNOLD**, LLP
29 South Main Street • Suite 325 • West Hartford, CT 06107 • 860.561.0650 • Facsimile: 860.561.0646
Juris No. 419042

DEFENDANTS/THIRD-PARTY PLAINTIFFS
AIG AVIATION, INC. and
THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

BY _____
Steven E. Arnold, ct07966
sea@SAlaw.us
Peter Van Dyke, ct24747
pvd@SAlaw.us
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-0650
Fax. (860) 561-0646
Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via regular mail to the following counsel of record on May 28, 2004:

Robert J. O'Brien, Esq.
Jonathan E. Snyder, Esq.
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Richard J. Kenny, Esq.
Kenny, O'Keefe & Usseglio, P.C.
21 Oak Street, Suite 208
Hartford, CT 06016

_____
Peter M. Van Dyke

6