**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARSHALL AVIATION, LLC** | : | **CIVIL ACTION NO.** |
| | : | |
| **VS.** | : | **303CV1013 (SRU)** |
| | : | |
| **AIG AVIATION, INC. ,** | : | |
| **THE INSURANCE COMPANY OF THE** | : | |
| **STATE OF PENNSYLVANIA,** | : | |
| **MJ AVIATION, LLC, LJ AVIATION, LLC,** | : | |
| **and LOUIS PUGLIESE, JR.** | : | **NOVEMBER 10, 2004** |

**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**
**PURSUANT TO RULE 15(A)**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Plaintiff, Marshall Aviation, LLC respectfully requests leave of Court to file its Third Amended Complaint to add counts of recklessness and negligence against Defendants AIG Aviation, Inc. and The Insurance Company of the State of Pennsylvania and negligence against Third-Party Defendants MJ Aviation, LLC, LJ Aviation, LLC and Louis Pugliese. Neither the Defendants nor the Third-Party Defendant MJ Aviation, LLC object to the filing of the Third Amended Complaint. The filing of an amended complaint will not occasion delay to the proceedings as no trial date has been set.

**ORAL ARGUMENT NOT REQUESTED**

PLAINTIFF,
MARSHALL AVIATION, LLC

---

ROBERT J. O'BRIEN
JONATHAN E. SNYDER
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
(860) 525-5361
Federal Bar No. ct05489
Federal Bar No. ct22572
Email: ro'brien@gmflaw.com
Email: jsnyder@gmflaw.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid mail, on November 10, 2004, to:

Steven R. Arnold, Esq.
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, CT 06107

Eric P. Smith, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Richard J. Kenny, Esq.
Kenny, O'Keefe & Usseglio, PC
21 Oak Street, #208
Hartford, CT 06106-8002

                                                                                         _____
                                                                                         JONATHAN E. SNYDER

::ODMA\PCDOCS\DOCS\375698\1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARSHALL AVIATION, LLC** | : | **CIVIL ACTION NO.** |
| | : | |
| **VS.** | : | **303CV1013 (SRU)** |
| | : | |
| **AIG AVIATION, INC.,** | : | |
| **THE INSURANCE COMPANY OF** | : | |
| **THE STATE OF PENNSYLVANIA** | : | |
| **MJ AVIATION, LLC, LJ AVIATION, LLC** | : | |
| and **LOUIS PUGLIESE, JR.** | : | **NOVEMBER 10, 2004** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT
PURSUANT TO RULE 15(A)**

**I.      INTRODUCTION**

Despite Marshall Aviation, LLC's ("Marshall") reluctance to enter into the appraisal of loss process, the significant impact of the appraisal result in addition to the evidence obtained from recent discovery require Marshall to amend the operative Complaint. The appraisal of loss report regarding the amount of loss determined following a meeting of the appointed appraisers in August, 2004, reflects the concurrence of *all three* appraisers that only factory overhauled avionics should have been installed in Marshall's Beech Baron 58 ("aircraft") after all the avionics in the aircraft were exposed to reverse polarity conditions on or about November 14, 2002

("reverse polarity occurrence"). (See Exhibit A).  This award in part answers the question of what should have been installed in the aircraft after the reverse polarity occurrence and is evidence relevant to the appropriate amount of the loss to the aircraft's avionics, but does not fully address the damages generated by AIG Aviation, Inc.'s ("AIG") and The Insurance Company of the State of Pennsylvania's ("TICSP") exceptionally poor handling of this claim.  As has been uncovered through the appraisal process, the deposition of Michael Grady, supervisor of the Phoenix, Arizona office of AIG Aviation, Inc., and the incomplete deposition of Bernard Coogan, the "independent adjuster" hired by AIG, the operative Complaint does not completely cover the reckless and negligent acts of AIG and TICSP in the context of this case.  Although Marshall still fully stands by its claim that AIG and TICSP adjusted this claim in bad faith, other reckless and negligent acts have been "discovered" by Marshall in the course of this lawsuit that form the basis for seeking relief for the acts and conduct alleged in Counts Two, Four, Six and Seven of the proposed Third Amended Complaint.  Similarly, with the withdrawal of Marshall's Motion to Withdraw its Motion For Order To Dismiss Or Sever And Stay Proposed Third-Party Complaint, ("Motion for Order"), it is presently appropriate to assert claims against the Third-Party Defendants MJ Aviation, LLC, LJ Aviation, LLC and Louis Pugliese, Jr. ("Pugliese") in Counts Nine through Eleven.

## II. RELEVANT FACTS

Marshall filed a motion for permission to amend the Complaint on July 16, 2003, that was granted by the Court on August 20, 2003.

The Defendants AIG and TICSP filed a motion to compel the Plaintiff to submit to an appraisal of loss process on October 9, 2003. Over the Plaintiff's objection, the Court ordered the parties to participate in the appraisal of loss process on January 12, 2004.

The Defendants filed a Third-Party Complaint against Third-Party Defendants MJ Aviation, LLC, LJ Aviation, LLC and Pugliese on April 13, 2004, asserting claims based on subrogation and indemnification theories relating to the Third-Party Defendants' alleged negligent installation of a battery in the aircraft.

Pursuant to the appraisal of loss process, the appraisal panel (Kenneth Dufour, umpire, Frederic Wilken for Marshall and Bernard Coogan for AIG and TICSP) met for two days, August 2 and 3, 2004, in Rockford, Illinois, and established the amount of the loss relating solely to damage to the avionics of the aircraft (not including electrical repairs) as included in a report drafted by umpire Kenneth Dufour on August 25, 2004. (See Exhibit A).

The Plaintiff filed a Motion to Withdraw its Motion For Order To Dismiss Or Sever And Stay Proposed Third-Party Complaint on October 20, 2004.  Counsel for the Defendants, AIG and TICSP and Third-Party Defendant MJ Aviation, LLC have been consulted and have no objection to the amendment of the operative Complaint.

### III.    ARGUMENT

In light of the policy of the Federal Rules of Civil Procedure ("FRCP") to freely permit the amendment of pleadings when justice so requires, the court, it is respectfully submitted, should grant Marshall leave to allow it to amend its complaint to add claims of recklessness and negligence against the Defendants and Third-Party Defendants. According to FRCP 15(a), after a party has amended its complaint once as a matter of right, it may amend its pleading only with leave of the court, and "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In the seminal case of Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962), the U.S. Supreme Court held that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant," leave to amend shall be granted.  *Id.* at 182.

The depositions of Mr. Grady and Mr. Coogan coupled with the result of the appraisal of loss process provide evidence substantiating a need for counts alleging the liability of AIG and TICSP in recklessness and negligence relating to their claims-

handling procedures.  A party may be held liable in negligence for its breach of a duty to competently perform a contract.  <u>Bonan v. Goldring Home Inspections, Inc.</u>, 68 Conn.App. 862, 870 (2002).  Where a party knows or has reason to know of a risk to another party due to their negligent conduct, courts hold such negligent parties liable under the aggravated negligence theory of recklessness. <u>Collens v. New Canaan Water Company</u>, 155 Conn. 477, 490 (1967).  One of the implied conclusions of the appraisal of loss process is that the decision of AIG and TICSP to refuse to make payment to Marshall to replace the avionic components exposed to the reverse polarity occurrence with factory overhauled equipment was negligently made as *all* of the appointed appraisers *agreed* that AIG's and TICSP's repair alternative to attempt to recertify the avionics was incorrect. (See Exhibit A).  This conclusion is further buttressed by the fact that AIG and TICSP never obtained a written estimate for the repair alternative it demanded. (See Deposition of Michael Grady at page 229, attached as Exhibit B).  The negligence of AIG and TICSP in their handling of this claim is amplified to the level of recklessness by their awareness of the potentially severe financial impacts to Marshall that would occur upon AIG's and TICSP's failure to competently perform their contractual obligations. (See Exhibits C & D); *Collens*, 155 Conn. at 490.  Therefore,

5

claims against AIG and TICSP for their reckless and negligent performance of the insurance policy are appropriate at this time.

The withdrawal of the Plaintiff's Motion for Order regarding MJ Aviation, LLC, LJ Aviation, LLC and Pugliese makes claims against them timely relating to their negligent performance of maintenance on the subject aircraft on November 14, 2002.  On the above date, Louis Pugliese, an employee of MJ Aviation, LLC, performed maintenance activities and signed off on the airworthiness of the subject aircraft before starting up the engines and electrical system of the plane while the terminals of the battery were reversed, thereby causing a reverse polarity condition to occur and cause the attendant damage to the plane.  Upon information and belief, LJ Aviation, LLC subsequently purchased some or all of the assets of MJ Aviation, LLC, and thus also acquired MJ Aviation, LLC's liabilities.  Accordingly, claims in negligence by Marshall are proper against all Third-Party Defendants.

The granting of leave to Marshall for the filing of the Second Amended Complaint would not prejudice either the Defendants AIG and TICSP or the Third-Party Defendants.  "In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility."  Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000).  Courts take the

stage of litigation into consideration in determining potential prejudice to a party opposing leave of the court for the amendment of pleadings.  *Id.* at 88; Computech International, Inc. v. Compaq Computer Corporation, 2002 WL 31398933 at 5 (D.Conn. 2002).  While additional discovery may be necessary relating to claims against the Third-Party Defendants, the addition of claims against the "original" defendants should not require a substantial modification in the scheduling order for this case.  Notably, with the consent of most of the parties, there is insufficient prejudice present to deny the Plaintiff's request for leave to amend the operative Complaint.

WHEREFORE, the Plaintiff respectfully requests the Court to grant its Motion for Leave to File its Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15.

PLAINTIFF, MARSHALL AVIATION, LLC

_____
ROBERT J. O'BRIEN
JONATHAN E. SNYDER
Gordon, Muir and Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106
(860) 525-5361
Federal Bar No. ct05489
Federal Bar No. ct22572
Email: ro'brien@gmflaw.com
Email: jsnyder@gmflaw.com

7

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid mail, on November 10, 2004, to:

Steven R. Arnold, Esq.
Stanger & Arnold, LLP
29 South Main Street, Suite 325
West Hartford, CT 06107

Eric P. Smith, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Richard J. Kenny, Esq.
Kenny, O'Keefe & Usseglio, PC
21 Oak Street, #208
Hartford, CT 06106-8002

_____
JONATHAN E. SNYDER

::ODMA\PCDOCS\DOCS\375006\1