# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL AVIATION, LLC | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 303CV1013 (SRU) |
| | : | |
| AIG AVIATION, INC. and | : | |
| THE INSURANCE COMPANY OF | : | |
| THE STATE OF PENNSYLVANIA | : | |
| | : | |
| v. | : | |
| | : | |
| MJ AVIATION, LLC, LJ AVIATION, LLC | : | |
| and LOUIS PUGLIESE, JR. | : | NOVEMBER 23, 2004 |

## MEMORANDUM OF LAW IN SUPPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Third Party Defendant, LJ Aviation, LLC ("LJ Aviation"), submits this Memorandum of Law in Support of its Motion for Summary Judgment dismissing the Third Party Complaint filed by AIG Aviation, Inc. and The Insurance Company of the State of Pennsylvania (collectively referred to as "AIG Aviation") seeking monetary relief for alleged damage to an aircraft's electronics and avionics.

## SUMMARY OF CASE

Marshall Aviation, LLC commenced suit against AIG Aviation, Inc. and The Insurance Company of the State of Pennsylvania on June 9, 2003 for alleged damage to the critical flight

equipment of an aircraft known as a Beech Baron 58.  On April 13, 2004, AIG Aviation filed a Third-Party Complaint against MJ Aviation, LLC, LJ Aviation, LLC and Louis Pugliese, Jr. alleging that on November 14, 2002, LJ Aviation performed an annual inspection and routine maintenance on the plaintiff's 1974 Beech Baron 58 aircraft.  See Third-Party Complaint at ¶ 10. AIG Aviation further alleges that LJ Aviation installed the aircraft battery backwards, causing a reverse polarity condition that damaged the aircraft's electronics and avionics.  Id.  AIG Aviation further claims that any damages to Marshall Aviation's aircraft was caused by LJ Aviation's negligent battery installation.  Id. at ¶ 12.  AIG Aviation fails to recognize, however, that LJ Aviation was not a legal entity in existence on November 14, 2002, the date of the alleged repairs. As such, LJ Aviation cannot be held legally responsible for any alleged damages sustained by the aircraft on said date.

## THE FACTS RELEVANT TO A DISPOSITION OF THE MOTION

The facts relevant to a disposition of this motion are uncomplicated and undisputed.[1]

LJ Aviation, LLC was formed as a limited liability corporation on November 27, 2002. See Pugliese Affidavit at ¶ 5.  Both Marshall Aviation and AIG Aviation allege that the damage to the aircraft occurred on November 14, 2002.  See Third-Party Complaint at ¶ 10.  AIG Aviation further alleges that LJ Aviation was engaged in the business of servicing and repairing aircraft at

---

[1] A Statement of Undisputed Facts pursuant to Local Rule 56(a) 1 is submitted in support of this motion.

all relevant times.  Id. at ¶ 8.  This allegation has been denied by LJ Aviation in its Answer because it was not a legally formed entity on said date.  See Answer; see also Pugliese Affidavit ¶6 with attached documents.  Moreover, as attested to by Louis Pugliese, Jr., LJ Aviation was not engaged in the business of servicing and repairing aircraft on November 14, 2002.  See Pugliese Affidavit at ¶ 4.

## ARGUMENT

LJ Aviation respectfully requests that this Court dismiss the Third-Party Complaint against it because there is no genuine issue of material fact as to whether it was a legally cognizable entity on November 14, 2002.  While research did not reveal a multitude of caselaw regarding suits against non-existent entities at the federal level, the Connecticut state courts have clearly stated that when "the defendant has no legal existence, the action is also nullity and cannot confer jurisdiction on a court."  Leffler v. Family Self-Service Car Wash, 2002 Conn. Super. Lexis 1554, 560454, *3 (May 3, 2002)[2]; see also Doe v. Orkisz, 1998 Conn. Super. LEXIS 3127, CV 980062842S, *7 (Nov. 9, 1998) (the court cited a California case for the proposition that "where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio and its invalidity can be called to the attention of the court at any stage of the proceedings"); Walker v. State of Conn., 106 F.Supp. 2d 364, 365 (2000) (Plaintiff acknowledged in his moving papers that

---

[2] All state cases are attached hereto.

there was no entity entitled Fairfield County Sheriff's Department and conceded that summary judgment may be granted as to this non-existing entity).

In the present case, the third party plaintiffs should also acknowledge that at the time of the alleged incident, LJ Aviation was not a legally cognizable entity. If AIG Aviation, Inc. and The Insurance Company of the State of Pennsylvania do not concede to summary judgment, the Affidavits and supporting documentation demonstrate to this Court that LJ Aviation was not formed until November 27, 2002 and was not engaged in the business of servicing and repairing aircraft on the date of the alleged incident. Moreover, the agreement between MJ Aviation and LJ Aviation specifically states that LJ Aviation "will not be held responsible for any liabilities arising out of operations from the goods sold, services and/or work performed, including bodily injury or property damage by MJ Aviation LLC, their employees, or affiliates prior to November 30, 2002." See Agreement attached to Pugliese Affidavit. Because there is no applicable legal theory which would hold LJ Aviation responsible for the alleged incident, this Court should enter summary judgment in its favor and dismiss the Third-Party Complaint with respect to LJ Aviation.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Motion for Summary Judgment should be granted and the Third Party Complaint against LJ Aviation should be dismissed.

                THE DEFENDANT,
                LJ AVIATION, LLC

BY: _____
      Richard J. Kenny
      Federal Bar No. ct04311
      Kenny, O'Keefe & Usseglio, P.C.
      Their Attorneys
      21 Oak Street, Ste. 208
      Hartford, CT 06106
      (860) 246-2700
      (860) 246-6480

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed; postage prepaid this 23rd day of November, 2004 to the following:

Robert J. O'Brien, Esq.
Jonathan Snyder, Esq.
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT 06106

Steven E. Arnold, Esq.
Peter Van Dyke, Esq.
Stanger & Arnold, LLP
29 South Main Street
West Hartford, CT 06107

Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

 

Richard J. Kenny
Kenny, O'Keefe & Usseglio, P.C.